

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,779-01

### EX PARTE DONALD EDWARD MCKINLEY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. B-41,729-A IN THE 358TH DISTRICT COURT
## FROM ECTOR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to fifty years' imprisonment.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. Applicant's counsel filed an untimely notice of appeal and the Court of Appeals notified counsel of its untimeliness, affording counsel an opportunity to explain why the Court should not dismiss the appeal. Counsel responded by filing a motion for an extension of time for filing notice of appeal. In that motion, counsel explained that he had faxed a motion for new trial

to what he believed to be the number for the Ector County District Clerk. The fax went through, and counsel believed that the appellate deadline had been extended by the timely filed motion for new trial. However, when counsel later filed notice of appeal and received the notification from the Court of Appeals, he discovered that he had sent the motion for new trial to the wrong fax number. Nevertheless, noting the untimeliness of the motion for an extension, the Court of Appeals dismissed Applicant's appeal for want of jurisdiction.

Counsel's motion for an extension of time for filing notice of appeal contains his admission that he erroneously sent the motion for new trial to the wrong fax number. Therefore, we find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. B-41,729 from the 358th District Court of Ector County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 25, 2015
Do not publish